**Sealed**
Public and unofficial staff access
to this instrument is
prohibited by court order.

United States Courts
Southern District of Texas
FILED

AUG 23 2017

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | CRIMINAL NO. |
| GHULAM HOODA | § § | |

**17 CR 511**

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A)   the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

> "actual or simulated -
> (i)     sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
> (ii)    bestiality; [or]
> (iii)   masturbation; [or]
> (iv)   sadistic or masochistic abuse; or
> (v)    [the] lascivious exhibition of the genitals or pubic area of any person."

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6)

1

and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.   The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18,

United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6.   The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section

2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## <ins>COUNT ONE</ins>
### (Distribution of Child Pornography)

From on or about October 16, 2016, through on or about March 30, 2017, within the Houston

Division of the Southern District of Texas, and elsewhere,

**GHULAM HOODA,**

defendant herein, did knowingly distribute material that contained child pornography using any

means and facility of interstate and foreign commerce, including by computer.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section**

**2252A(b)(1).**

2

## COUNT TWO
### (Receipt of Child Pornography)

From on or about October 16, 2016, through on or about March 30, 2017, within the Houston

Division of the Southern District of Texas, and elsewhere,

### GHULAM HOODA,

defendant herein, did knowingly receive material that contained child pornography using any means

and facility of interstate and foreign commerce, including by computer.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section**

**2252A(b)(1).**

## COUNT THREE
### (Possession of Child Pornography)

On or about March 30, 2017, within the Houston Division of the Southern District of Texas

and elsewhere,

### GHULAM HOODA,

defendant herein, did knowingly possess material that contained an image of child pornography,

which had been shipped and transported using any means and facility of interstate and foreign

commerce, or which were produced using materials which have been mailed, shipped, and

transported in and affecting interstate and foreign commerce, by any means, including by computer,

more specifically: the defendant possessed, a Western Digital external hard drive with serial number

WMAD21096220; a Seagate external hard drive with serial number 2GEWY4SS, and a Hitachi 2TB

hard drive with serial number YFJ77GLA, which was extracted from a Hewlett Packard desktop

computer with serial number 4ce0230tql, which contained still images and videos of child

pornography.

**In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

## NOTICE OF FORFEITURE
### 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Count One through Count Three of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Count One through Count Three; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Count One through Count Three, or any property traceable to such property, including, but not limited to, the following:

- Western Digital external hard drive with serial number WMAD21096220;
- Seagate external hard drive with serial number 2GEWY4SS
- Hitachi 2TB hard drive with serial number YFJ77GLA, which was extracted from a Hewlett Packard desktop computer with serial number 4ce0230tql.

A True Bill:

ORIGINAL SIGNATURE ON FILE
Grand Jury Foreperson

ABE MARTINEZ
Acting United States Attorney

By: _____
Julie N. Searle
Assistant United States Attorney
713-567-9438

4