UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 17-CR-0511 |
| GHULAM HOODA,<br>Defendant. | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan Patrick, United States Attorney for the Southern District of Texas, and Julie N. Searle, Assistant United States Attorney, and the defendant, Ghulam Hooda ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 2 and 3 of the Indictment. Count 2 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Count 3 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1), is imprisonment for not less than 5 years and not more than 20 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for a

violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000.00. Additionally, under both Counts 2 and 3, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United

3

States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 2 and 3 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

4

### Agreement Binding - Southern District of Texas Only

10. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges

and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 2 and 3 of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

   a. On or about October 16, 2016, the Federal Bureau of Investigation (FBI), using a computer connected to the Internet and utilizing a law enforcement tool that allows single-source downloads from the BitTorrent P2P network, conducted an investigation into the sharing of child pornography through that network. The FBI identified a computer on the BitTorrent P2P file sharing network with the IP address of 98.200.111.235 as a potential download candidate (source) for more than 9,000 files with hash values consistent with child pornography. The FBI directed their investigation to this computer at IP address 98.200.111.235 as it had been detected as being associated with investigative files of interest by investigators conducting keyword searches or hash value searches for files related to child exploitation material including child pornography on the BitTorrent network.

   b. On October 30, 2016, at 5:34:17 (GMT - 5:00) and ending on that same date at 5:50:40 (GMT - 5:00), the FBI successfully completed the download of at least four video files depicting child pornography, via single source download, which the computer at IP address 98.200.111.235 was making available. Following the downloads, the FBI reviewed the files obtained during those various sessions and found that all of the files obtained from IP address 98.200.111.235 are child pornography as defined in Title 18, United States Code, Section 2256. The content of four of the child pornography files downloaded from IP address 98.200.111.235 are described as follows:

   1. **Filename: 000313.mpg**

   **Description:** This is a video file that is one second in length and depicts an underage female, who appears to be under the age of 5, nude, and being vaginally penetrated by the erect penis of an adult male.

   2. **Filename: 00004625 2yo ass fuck she cries for mommy nasty pthc pedo 1yo**

   **Description:** This is a video file that is approximately 2 minutes and 18 seconds in length and depicts an underage female, estimated to be under the age of 3, nude, and being vaginally penetrated by the erect penis of an adult male.

   3. **Filename: Pthc Jenny At 6Yo 2012 Ass Fuck Hot.mp4**

   **Description:** This is a video file that is one minute and 52 seconds in length and depicts an underage female, who appears to be under the age of 8, nude, being anally penetrated

by the erect penis of an adult male.

4. **Filename: Jenny 9yr PTHC. avi**

**Description:** This is a video file that is 14 minutes and 35 seconds in length and depicts an underage female, who appears to be under the age of 10, bound by yellow rope, and being orally and anally penetrated by the erect penis of an adult male.

    c. Through his investigation, the FBI was able to observe that the aforementioned IP address had numerous torrent files known to contain child pornography material from on or about October 30, 2016, through on or about January 28, 2017. The FBI was able to determine that the IP address 98.200.111.235 came back to the residence where the defendant, Ghulam Mohammed Hooda, was residing.

    d. On or about March 23, 2017, the FBI conducted physical surveillance at the address of 12323 Amanda Pines Drive, Houston, Texas 77089. The physical surveillance confirmed that the address was the residence where the defendant was residing.

    e. On March 30, 2017, FBI Houston executed a federal search warrant at the defendant's residence located in Houston, Texas. Upon the execution of said search warrant, agents seized a desktop computer, a flash memory card, and eight hard drives.

    f. The defendant was later encountered after the execution of the search warrant and was subsequently interviewed. After being advised of his *Miranda* right and executing a written waiver, the defendant agreed to make a statement.

    g. The defendant stated that he had utilized the uTorrent Peer-To-Peer program to download, receive and possess child pornography images and videos. Child pornography was something that peaked his curiosity, which then led him to conduct searches in order to find it and he would subsequently download and view the child pornography. The defendant stated that he had most recently downloaded child pornography two days prior to the search. The defendant further admitted that he had a general understanding of peer-to-peer programs with regard to having to conduct keyword searches for a topic of interest and then having to actively select and approve the desired files for download and receipt.

    h. The FBI presented the defendant with the option to review contact sheets that contained several images that the FBI had previously downloaded from a computer connected to the IP address registered to the defendant's address. Defendant stated that he recognized some of the still images as child pornography he had previously downloaded, received, possessed and viewed from his laptop computer while connected to the Internet via the peer-to-peer program, uTorrent.

    i. The Defendant denied having any inappropriate physical contact with a minor and denied having any access to children.

    j. A forensic exam was performed on the items seized from the search. Due to various technical issues, the forensic examination was not completed on several items. However, child

8

pornography was found on the following items:

- Western Digital external hard drive with serial number WMAD21096220;
- Seagate external hard drive with serial number 2GEWY4SS
- Hitachi 2TB hard drive with serial number YFJ77GLA, which was extracted from a Hewlett Packard desktop computer with serial number 4ce0230tql.

Agents discovered one video file on the Western Digital hard drive, four video files on the Seagate external hard drive, and 10,466 image files and 783 video files on the Hitachi 2TB hard drive. Each of these images showed young children engaged in sexually explicit conduct as defined under federal law (18 U.S.C. 2256(2)(A)). The image files depicting child pornography portray female minors, ranging from infants to young teenagers, engaged in sex acts including oral, vaginal, and/or anal penetration; S&M/bondage; bestiality; masturbation and/or self-penetration with foreign objects; and/or lascivious displays of the genitals. There was an exceptionally large number of files depicting minor females under the age of 5. Some of the images are of known victims as identified through the National Center for Missing and Exploited Children.

k. The following files are illustrative examples of images and videos found within the Defendant's collection of child exploitative material:

1. **Filename: [ptch] Daisy's Destruction (Parts 2_3_4 – 17m40s) – pedomom hurtcore OPVA!!!!**

    **Description: [S&M/Bondage]** This is a video file that is approximately one hour, five minutes and 59 seconds in length and depicts a minor female, under the age of 3, who is subjected to acts of torture to include having clothespins clipped to her nipple and vaginal tissues; having ice cubes forced into her vagina; being bound by the feet and hung upside down, which was immediately followed by the minor female being slapped all over her body, burned with matches, urinated on an eventually doused with a pitcher of water over her head and face.

2. **Filename: Pedo – Ptch – Jenny 9yo Daughter – Zoo 5Yo Girl Dog and Man 2007 – se-1**

    **Description: [Bestiality]** This is a video file that is approximately 4 minutes and 24 seconds in length and depicts an underage female, estimated to be under the age of 10, performing oral sex on a golden retriever canine.

3. **Filename: 00004625 2yo ass fuck she cries for mommy nasty pthc pedo 1yo 3yo 4yo**

    **Description: [Anal Penetration/Bondage/Victim Under 5]** This is a video file that is 2 minutes and 18 seconds in length and depicts an underage female, who appears to be under the age of 3, nude, being anally penetrated by the erect penis of an adult male.

4. **Filename: goldi_tied+and+hanging.jpg**

**Description:** [Bondage] This is a still image file that depicts an underage female, who appears to be approximately 5, bound by rope, gagged, hung upside down and being vaginally penetrated with a foreign object.

l. The Western Digital hard drive was manufactured in Malaysia. The Seagate external hard drive was manufactured in China. The Hitachi hard drive was manufactured in Thailand. Consequently, the computer media at issue was used to distribute, receive and possess the child pornography traveled in foreign or interstate commerce. Further, the Defendant used the Internet, which is a means and facility of interstate commerce to distribute, receive and possess the child pornography found on the above referenced media devices.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

20. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or

delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

21. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: Western Digital external hard drive with serial number WMAD21096220; Seagate external hard drive with serial number 2GEWY4SS; Hitachi 2TB hard drive with serial number YFJ77GLA, which was extracted from a Hewlett Packard desktop computer with serial number 4ce0230tql.

22. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

25. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Notification of the Sex Offender Registration and Notification Act

26. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

### Complete Agreement

27. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States,

13

Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __April 26__, 2018.

X _____
Defendant

Subscribed and sworn to before me on __April 26__, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan Patrick
United States Attorney

By: _____
Julie N. Searle
Assistant United States Attorney

_____
Dustan Neyland
Attorney for Defendant

14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | **CRIMINAL NO. 17-CR-0511** |
| **GHULAM HOODA,** Defendant. | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.



_____          4-26-18
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

X _____          4-26-18
Defendant                            Date